FILED

JUN 21 2012

PATRICK E. DUFFY  CLERK
BY_____
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY J. LONGJAW, ) | Cause No. CV 12-68-BLG-RFC |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER OF DISMISSAL |
| ) | |
| MIKE MAHONEY; ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| MONTANA, ) | |
| ) | |
| Respondents. ) | |

On June 1, 2012, Petitioner Timothy J. Longjaw submitted documents seeking to challenge the proceedings in the course of a direct appeal being litigated in the Montana Supreme Court. This is the second time Longjaw has submitted such a document. The first was filed on August 25, 2011, and dismissed on September 7, 2011. Longjaw is a state prisoner proceeding pro se in this Court. He is represented by counsel in the Montana Supreme Court.

ORDER OF DISMISSAL / PAGE 1

Longjaw's action is both premature and misguided.

First, federal courts do not intervene in state criminal proceedings unless there is a grave risk of irreparable injury that is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 46 (1971). In particular, "the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* Nothing Longjaw has said remotely approaches that very high standard. "[T]he ordinary procedures for criminal prosecution are designed to move at a deliberate pace." *United States v. Ewell*, 383 U.S. 116, 120 (1966).

Second, if, as Longjaw claims, appellate counsel has committed errors, and if Longjaw wants a federal court to review those claims, he must – must means must – exhaust state postconviction procedures, Mont. Code Ann. § 46-21-101 *et seq.*, including appeal, before he may file a federal habeas petition. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (giving "a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."); *see also* 28 U.S.C. § 2244(b) (imposing stringent rule that state prisoner may file only one federal habeas petition challenging a state judgment).

Longjaw is entitled to "reasonably prompt constitutional scrutiny of his conviction" in federal court. *Phillips v. Vasquez*, 56 F.3d 1030, 1035 (9th Cir. 1995).

The proceedings in his direct appeal, however, are nowhere near the point of unreasonable delay. In *Phillips, id.*, in bifurcated guilt/penalty phase proceedings, there was no ruling by the state court on the legality of the penalty phase fifteen years after conviction in the guilt phase was final. In *Coe v. Thurman*, 922 F.2d 528, 529 (9th Cir. 1990), where, more than three years after notice of appeal filed, not all appellants had filed even an opening brief. In Longjaw's case, by contrast, the notice of appeal was filed in February 2011. The appeal was fully briefed on June 15, 2012. His concerns are wholly unwarranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Longjaw's motion to proceed in forma pauperis (doc. ) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. This action is DISMISSED.

3. A certificate of appealability is DENIED because Longjaw is litigating his February 2011 direct appeal in the Montana Supreme Court and briefing was completed on June 15, 2012.

4. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

5. Motions for reconsideration, relief from the judgment, or of any other kind

will not be entertained and will be stricken if filed.

DATED this 21st day of June, 2012.

/s/ Richard F. Cebull

Richard F. Cebull, Chief Judge
United States District Court

ORDER OF DISMISSAL / PAGE 4